Andrew S. Langsam
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAILBREAK TOYS, INC.,<br><br>       Plaintiff,<br><br>- against -<br><br>IDEA GLUE, LLC,<br><br>       Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jailbreak Toys, Inc. ("Plaintiff"), by its attorneys Pryor Cashman LLP, alleges as follows against Defendant Idea Glue, LLC ("Defendant"):

**NATURE OF ACTION**

1. This is an action for willful trademark infringement and unfair competition, among other statutory and common law violations. Defendant has willfully traded upon the goodwill and notoriety of Plaintiff's UNICORN SNOT Mark (hereinafter referred to as the "UNICORN SNOT Mark") by selling unauthorized products bearing the UNICORN SNOT Mark. In particular, Defendant has offered for sale and/or is offering for sale and selling the unauthorized product shown below, which displays the UNICORN SNOT Mark:



*Example of Defendant's Unauthorized Products*

2. Upon information and belief, Defendant is using the UNICORN SNOT Mark to falsely designate Plaintiff as the source of the Defendant's products and/or to falsely associate Plaintiff with these unauthorized products.

3. Since 2015, Plaintiff has used the UNICORN SNOT Mark as a source-identifying trademark for a wide array of novelty products, as depicted below:



*Example of Plaintiff's Products*
*Bearing the* UNICORN SNOT Mark

4. Through its continuous use of the UNICORN SNOT Mark, Plaintiff has developed significant common law rights and associated goodwill in the mark.

5. Fully aware of Plaintiff's common law rights, Defendant has misappropriated the UNICORN SNOT Mark as shown on the Defendant's product depicted above. Defendant's continued use of the UNICORN SNOT Mark causes confusion, is likely to cause confusion, is likely to continue to cause confusion, and is likely to exacerbate the likelihood of consumer confusion.

6. Despite correspondence from Plaintiff to Defendant demanding that Defendant cease and desist its infringing activities, Defendant continues to sell unauthorized products at Defendant's online store located at <mysticalslyme.com>. Defendant's actions constitute willful infringement.

7. Defendant's actions have caused and are causing immediate and irreparable harm to Plaintiff. To redress the harm that the Defendant is causing to Plaintiff and to the public, Plaintiff brings claims for trademark infringement of a registered trademark under Section 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and related claims under New York's statutory and common law. Plaintiff seeks injunctive and monetary relief on account of Defendant's egregious, willful and wanton activities, including exemplary damages, attorneys' fees and costs.

## PARTIES

8. Plaintiff Jailbreak Toys, Inc. ("Jailbreak") is a New York limited liability company with its principal place of business in Plainview, New York. Jailbreak develops, designs, manufactures, distributes, markets, offers for sale, and sells toys and novelty products within this

district, nationwide, and internationally. Jailbreak is the originator, first to adopt and use in U.S. commerce, and the owner of the trademark "UNICORN SNOT" and its associated goodwill as used in connection with novelty cosmetic products.

9. Upon information and belief, defendant Idea Glue, LLC is a New York limited liability company with an address at 175 Varick Street, New York, New York 10014.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1125, 1331, 1338(a) & (b) and 1367, because the action involves claims arising under the Lanham Act, involves a federally registered trademark, and includes related state law claims.

11. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is doing business in New York, has contracted to supply goods or services in New York, the claims at issue arise out of its transaction of business and/or supplying goods directed to consumers residing in New York, and/or Defendant has committed torts including trademark infringing acts inside and outside of New York causing injury to Plaintiff in New York and/or Defendant regularly does or solicits business in New York and/or derives substantial revenue from goods used and sold in New York and/or expects or reasonably should expect its infringing conduct to have consequences in New York and derives substantial revenue from interstate commerce. These activities fall within the long-arm statute of the State of New York, CPLR §§ 301 and 302(a).

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendant is transacting business and committing tortious acts within the State of New York and this District.

## FACTS

**I. Plaintiff and Its Business**

13.     Plaintiff is an internationally recognized creator, developer, designer, and seller of toys and novelty products.  Plaintiff prides itself on the values of quality, safety, design, reliability, and product value.  This attention to detail has consistently earned the rave reviews - not to mention the trust - of parents and consumers in the United States and all around the globe.

14.     Plaintiff launched its "UNICORN SNOT" line of novelty products in 2015.  Designed to be and marketed as children's novelty cosmetics, to be applied to the faces, hair, lips, arms, nails, and bodies of young children in a playful manner, the products are marketed and meant to be enjoyed by children who are interested in mythical beasts.

15.     Plaintiff's UNICORN SNOT brand is strong – Plaintiff goods and services have generated tremendous sales, both in units and dollars of sales.

16.     Plaintiff is the source of widespread unsolicited media attention and has been the subject of several articles, especially so by publications catering to a younger demographic, including *Teen Vogue* and *Refinery29*, to name just a few.

17.     Plaintiff is the sole and lawful owner of the UNICORN SNOT Mark, Reg. No. 4,867,030, for use in connection with goods identified as gels for cosmetic purposes, lip gloss, and nail polish.  Plaintiff has been using the UNICORN SNOT Mark in connection with its novelty products since at least as early as 2015.  A true and accurate copy of the U.S. trademark registration certificate for Reg. 4,867,030, is attached hereto as Exhibit A.

18.     Plaintiff's UNICORN SNOT products are carried by various novelty retailers worldwide, and are also offered for sale on Plaintiff's website at <unicornsnot.com>, as well as other online retailers such as <amazon.com>.

19.     Plaintiff has invested considerably in creating, maintaining and promoting the products, the goodwill associated with the UNICORN SNOT brand name, and UNICORN SNOT mark, including significant sums spent on advertising and market promotion.  In addition to traditional advertising, Plaintiff markets and promotes its products through websites and social media platforms.

20.     To maintain the strength of Plaintiff's intellectual property, Plaintiff vigilantly protects and enforces its intellectual property on a worldwide basis.

## II. Defendant and Its Infringing Activities

21.     Upon information and belief, Defendant owns the domain name <mysticalslyme.com> and operates a retail website at that domain that sells infringing products ("Defendant's Website"), using the infringing UNICORN SNOT Mark.

22.     Defendant is not authorized to manufacture, market, promote or sell products bearing the UNICORN SNOT Mark.  Nevertheless, in a deliberate attempt to profit from the goodwill associated with Plaintiff and its intellectual property, Defendant purposefully sells, without authorization, a putty-like substance bearing the UNICORN SNOT Mark.  At least one intended use of the infringing product by consumers is as a slime – expected to be rubbed onto the body, arms, skin and or face of children.

23.     Upon information and belief, Defendant is selling the infringing products, which are directed to same aged children—namely, children who are interested in mythical beasts—at similar price points by and through the same channels of trade as Plaintiff's UNICORN SNOT products.  Upon information and belief, both Plaintiff's and Defendant's products bearing the UNICORN SNOT Mark are sold at novelty shops and on the same websites, including at <amazon.com>.

24.     Upon information and belief, Defendant began using the UNICORN SNOT Mark well after Plaintiff established it trademark rights in the mark.

25.     Defendant's goods sold under the UNICORN SNOT Mark are substantially the same type or related to Plaintiff's goods sold under its UNICORN SNOT Mark.

26.     Upon learning of Defendant's activities, Plaintiff sent correspondence to Defendant demanding that it permanently cease and desist from marketing, promoting, manufacturing, offering for sale and selling any products that use the Plaintiff's registered UNICORN SNOT Mark.

27.     In willful disregard of Plaintiff's intellectual property rights, of which Defendant was on actual notice, Defendant continues to market, promote, manufacture and offer for sale products that infringe Plaintiff's rights, trade on Plaintiff's valuable goodwill, and cause and are likely to continue to cause consumer confusion.  Such ongoing conduct reflects Defendant's defiance and willful intent to infringe and violate Plaintiff's rights.

**III.    Plaintiff Is Suffering Irreparable Harm**

28.     Defendant has undertaken activities in connection with the sale and promotion of products that are likely to cause consumer confusion as to the source or origin of its goods.  In particular, actual consumers—and young children—are likely to mistakenly believe that Plaintiff is the source of Defendant's products bearing the UNICORN SNOT Mark, or at a minimum that Plaintiff is affiliated with, sponsored or has endorsed such products.

29.     Also, Defendant's continued use of the UNICORN SNOT Mark on its products will lead consumers to the mistaken belief that Defendant's infringing UNICORN SNOT products are authorized, sanctioned, licensed, or otherwise associated with Plaintiff's UNICORN SNOT Mark and products.

30. The likelihood of confusion, mistake and deception created by Defendant's sale of the infringing UNICORN SNOT products, as well as the dilution of Plaintiff's UNICORN SNOT Mark by such infringing sales, are causing irreparable harm to Plaintiff and the goodwill associated with Plaintiff's registered trademark and brand name.

31. Upon information and belief, Defendant knows, and at all relevant times knew, that consumers were likely to believe that Defendant's products bearing the UNICORN SNOT Mark were authorized, sanctioned or licensed by Plaintiff, even though they were not.

32. Upon information and belief, Defendant undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship and quality of Defendant's products.

33. Upon information and belief, Defendant undertook the actions described herein to mislead consumers into believing that Plaintiff has endorsed, sponsored or is somehow associated with Defendant's unauthorized products.

34. Upon information and belief, Defendant adopted the UNICORN SNOT Mark to, at a minimum, call to mind Plaintiff as the source of its novelty products.

35. Defendant's conduct described herein is intentional, fraudulent, malicious, willful and wanton.

36. Defendant's conduct has injured Plaintiff and its goodwill, and if not enjoined, will continue to injure Plaintiff and its goodwill associated with the UNICORN SNOT Mark.

37. Defendant's unlawful actions described herein commenced after Plaintiff began using the UNICORN SNOT Mark, after the UNICORN SNOT Mark achieved U.S. and worldwide recognition, and well after Plaintiff applied for and registered its UNICORN SNOT Mark in the United States.

38. Plaintiff will suffer irreparable harm to its business reputation and the goodwill associated with the UNICORN SNOT Mark because it has no control over the value and quality of Defendant's products.

39. Plaintiff will also suffer irreparable harm because Defendant's use of the Plaintiff's mark dilutes the distinctiveness of the UNICORN SNOT Mark.

40. Defendant's deceptive conduct is harming the public in addition to harming Plaintiff and its brand and goodwill.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

41. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

42. Plaintiff owns all right, title and interest in and to, and holds the exclusive rights to market and sell, novelty products bearing the UNICORN SNOT Mark.

43. Plaintiff is the sole and lawful owner of the UNICORN SNOT Mark, Registration No. 4,867,030, registered on December 8, 2015, and all rights related thereto.

44. Defendant has used in commerce, without Plaintiff's permission or license, the UNICORN SNOT Mark in a manner that is likely to cause confusion or mistake or deceive potential purchasers and consumers as to the source of Defendant's goods and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship or association of Plaintiff and/or its goods and commercial activities, on the one hand, with Defendant and/or its respective goods or commercial activities, on the other hand.

45. Defendant's acts constitute infringement of the UNICORN SNOT Mark under 15 U.S.C. § 1114.

46. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation and associated goodwill. Defendant will continue to use, unless restrained, Plaintiff's mark or a mark confusingly similar thereto and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

47. Plaintiff is further entitled to recover from Defendant the actual damages that it has sustained and/or is likely to sustain as a result of Defendant's wrongful infringing acts.

48. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its wrongful infringing acts.

49. Because of the willful nature of Defendant's wrongful infringing acts, Plaintiff is entitled to an award of exemplary damages under the common law, treble damages and increased profits under 15 U.S.C. § 1117 and attorneys' fees.

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(A)

50. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

51. Plaintiff owns all right, title and interest in and to, and holds the exclusive trademark rights to market and sell, novelty products bearing the UNICORN SNOT Mark.

52. Defendant has used in commerce a mark that is identical to Plaintiff's UNICORN SNOT Mark on unauthorized yet related products to those of Plaintiff's.

53. Defendant's unlawful acts in appropriating rights in the UNICORN SNOT Mark are and were intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain.

54. Defendant's unauthorized use of the UNICORN SNOT Mark has caused and is likely to continue to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff and its rights.

55. Defendant's conduct as alleged herein, including its unauthorized use of the UNICORN SNOT Mark on products, constitutes a false designation of origin as such conduct is likely to cause confusion and/or to deceive users and consumers as to the origin, sponsorship, affiliation, connection and/or association of Plaintiff with Defendant's goods, or Defendant and its infringing UNICORN SNOT products and Plaintiff.

56. Defendant's products bearing the UNICORN SNOT Mark are calculated and intended to deceive and are likely to deceive consumers into believing that they are Plaintiff's products and/or Plaintiff is associated with the UNICORN SNOT products of Defendant.

57. Defendant is capitalizing on and profiting from the likely consumer confusion between its infringing products bearing the UNICORN SNOT Mark, on the one hand, and Plaintiff's authentic products bearing the UNICORN SNOT Mark, on the other hand.

58. Plaintiff does not now and has never sponsored or approved or authorized or licensed Defendant's use of the UNICORN SNOT Mark.

59. Defendant's conduct is willful and deliberate and done with the intent to unfairly commercially benefit from the goodwill associated with Plaintiff and Plaintiff's UNICORN SNOT Mark.

60. The foregoing acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

61. Defendant's unfair competition has caused and is causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

62. As a direct and proximate result of Defendant's wrongful infringing acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and the goodwill associated with its UNICORN SNOT Mark. Defendant will continue to use, unless restrained, Plaintiff's mark, and/or a mark confusingly similar thereto, and Defendant has caused and will continue to cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of trademark infringement and unfair competition.

63. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

64. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its wrongful acts.

65. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, treble damages and increased profits under 15 U.S.C. § 1117 and attorneys' fees.

## THIRD CLAIM
**DECEPTIVE ACTS AND PRACTICES**
**NEW YORK GENERAL BUSINESS LAW § 349**

66. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

67. Plaintiff owns all right, title and interest in and to, and holds the exclusive rights to market and sell, novelty products bearing the UNICORN SNOT Mark.

68. Upon information and belief, consumers identify the UNICORN SNOT Mark exclusively with Plaintiff and its products.

69. Upon information and belief, Defendant, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's rights, offers and/or has offered goods for sale in New York and elsewhere to the public in direct competition with Plaintiff.

70. Upon information and belief, Defendant's use of Plaintiff's marks and/or other intellectual property is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Defendant's products, and is likely to deceive the public into believing that goods being offered for sale by Defendant originate from, are associated with, or are otherwise licensed and/or authorized by Plaintiff.

71. Upon information and belief, Defendant's deceptive acts and practices involve New York public sales activities of a recurring nature.

72. The acts of Defendant have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue to damage Plaintiff, its goodwill, and New York consumers.

## FOURTH CLAIM
### COMMON LAW TADEMARK INFRINGEMENT AND UNFAIR COMPETITION

73. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

74. Plaintiff owns all right, title and interest in and to, and holds the exclusive rights to market and sell, novelty products bearing the UNICORN SNOT Mark.

75. Consumers identify the UNICORN SNOT Mark with Plaintiff's products and Plaintiff as the source of the same.

76. Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and has developed enormous goodwill in the UNICORN SNOT Mark.

77. Defendant has infringed the UNICORN SNOT Mark by using the UNICORN SNOT Mark without authorization. Defendant's unlawful acts are intended to capitalize on Plaintiff and Plaintiff's goodwill associated with the UNICORN SNOT Mark, all for Defendant's own pecuniary gain.

78. Defendant's use of the UNICORN SNOT Mark is calculated to and is likely to create confusion and to deceive and mislead consumers into believing that Defendant's products originate with or are authorized by Plaintiff, and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff and its goodwill in the UNICORN SNOT Mark.

79. Defendant's acts as alleged herein constitute trademark infringement and unfair competition and will, unless enjoined by the Court, continue to result in harm to the goodwill associated with Plaintiff and to the consuming public.

80. Upon information and belief, Defendant committed the acts alleged herein willfully, with knowledge of Plaintiff's rights in the UNICORN SNOT Mark, and with the intent to confuse the public and to injure Plaintiff.

81. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation and goodwill associated with the UNICORN SNOT Mark. Defendant will continue to use, unless restrained, Plaintiff's mark, and/or a mark confusingly similar thereto, and Defendant will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement and unfair competition.

82. Plaintiff is entitled to exemplary damages as a result of Defendant's malicious and unfair actions as described above.

## FIFTH CLAIM
## UNJUST ENRICHMENT

83. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

84. Defendant has benefited from the unlawful and infringing use of the UNICORN SNOT Mark because, upon information and belief, Defendant has derived and/or will continue to derive substantial revenue from the sale of goods bearing the UNICORN SNOT Mark offered and/or promoted on Defendant's website and elsewhere.

85. It would be contrary to equity and good conscience to allow Defendant to retain the substantial revenue and profits it has realized and/or will realize through its unlawful use of Plaintiff's intellectual property.

86. Defendant has been unjustly enriched by its unlawful use of the UNICORN SNOT Mark.

87. The acts of Defendant have caused and are causing great and irreparable harm and damage to Plaintiff, to its mark, and to its associated goodwill, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

88. As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has suffered damage to its reputation and damage to the goodwill associated with the UNICORN SNOT Mark. Further, Plaintiff is entitled to exemplary damages as a result of Defendant's malicious actions as described above.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant, and its respective partners, agents and employees, and any and all persons in active concert or participation with Defendant, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and attorneys and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing as follows:

1. Preliminarily and permanently enjoining Defendant, and its respective partners, agents and employees, and any and all other persons in active concert or participation with Defendant, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and attorneys and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf

of any of the foregoing from (a) engaging in the advertising, marketing, promotion, offering, rendering, sale, delivery or other use in commerce of any products bearing Plaintiff's intellectual property, including the UNICORN SNOT Mark, or any other confusingly similar mark, in any manner that may cause confusion or mistake or may deceive the public into believing that such products originate with Plaintiff or that there is any affiliation or connection with Plaintiff or its products, and from otherwise competing unfairly with Plaintiff; (b) assisting, aiding or abetting any other person or entity in the advertising, marketing, promotion, offering, rendering, delivery, sale or other use in commerce of any products bearing any of the Plaintiff's intellectual property, including the UNICORN SNOT Mark, or any other confusingly similar mark; (c) using any of Plaintiff's intellectual property, including the UNICORN SNOT Mark, or any other confusingly similar marks or related goods to those sold by Plaintiff under its UNICORN SNOT Mark; (d) using any mark in a manner so as to cause the dilution of the UNICORN SNOT Mark; and (e) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive the public into believing that any of Defendant's goods, or websites or stores using the UNICORN SNOT Mark originate with Plaintiff or that there is any affiliation or connection between Plaintiff and Defendant, and from otherwise competing unfairly with Plaintiff;

    2.    Directing that Defendant deliver for destruction all infringing products in its possession or under its control bearing the UNICORN SNOT Mark, or any simulation, reproduction, counterfeit, copy of colorable imitation thereof, and all graphics, files, plates, molds, matrices and other means of making and/or printing labels for advertising the same.

    3.    Awarding Plaintiff damages in amounts to be determined, including compensatory, statutory damages and exemplary damages;

4. Awarding an accounting to Plaintiff for the gains and profits of the Defendant and for the damages sustained by Plaintiff as a result of the willful, intentional and wrongful conduct of Defendant;

5. Awarding Plaintiff treble damages on account of the willful nature of the Defendant's infringing acts in an amount to be determined at trial;

6. Requiring Defendant to pay the Plaintiff its costs and expenses in this action, including attorneys' fees and costs; and

7. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 30, 2018

Respectfully submitted,

PRYOR CASHMAN LLP

_s/andrew langsam/_
Andrew S. Langsam
7 Times Square, 25th Floor
New York, New York 10036
Telephone: (212) 326 0180
Fax: (212) 515-6969
ALangsam@pryorcashman.com
*Attorneys for Plaintiff*